IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 MAY 18  AM 11: 46
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| RHETT W. PEASE, INDIVIDUALLY § <br> AND AS BEST FRIEND TO PARENT § <br> OF AND ON BEHALF OF § <br> W.C.P. AND B.C.P., MINORS, § <br>            PLAINTIFFS, § <br> § <br> V.  § <br> § <br> TEXAS DEPARTMENT OF FAMILY § <br> AND PROTECTIVE SERVICES, § <br> JANELL PEASE, DANIEL HERBRICH, § <br> REBECCA JIMENEZ, MARTIN PLACKE, § <br> LEE COUNTY, TEXAS, § <br> BURLESON COUNTY, TEXAS, § <br> ANNE HEILIGENSTEIN, JOHN DELANEY, § <br> SUSAN MARQUESS, § <br> KATHY WEISHUHN, AND § <br> GLENN H. WILLIAMS, § <br>            DEFENDANTS. § | CIVIL NO. A-11-CA-305-LY |

## SHOW CAUSE ORDER

Before the Court is the above-styled and numbered cause, which was removed to this Court by Defendants from the 126th District Court of Travis County, Texas, on April 15, 2011 (Clerk's Document No. 1). On March 14, 2011, Plaintiff Rhett W. Pease, individually and on behalf of minors W.C.P. and B.C.P., commenced the underlying state-court action alleging that Defendants violated Pease's rights under the First, Fourth, and Eighth Amendments to the United States Constitution, as well as deprived him of his right to due process of law in violation of the Fourteenth Amendment of the United States Constitution. Further, Pease contends that Defendants violated various federal statutes, including Title 18 United States Code sections 241 and 242 as well as Title 42 United States Code sections 1983 and 1985. Finally, Pease contends that Defendants also violated several provisions of the Texas Constitution and alleged claims of slander, libel, false arrest,

and violations of the Texas Fair Debt Collection Act[1] against Defendants. All of Pease's claims arise from his loss of parental rights with regard to his son, B.C.P., allegedly without due process. Pease alleges that "[a]ll Defendants conspired with malice to tortiously interfere with the familial relations of [Pease] and his children and have at all times acted with malice to forever destroy the bonds between B.C.P. and his paternal family without due course of law."

Based on Pease's federal constitutional and statutory claims, the Defendants removed the action to this Court. Of particular note to the Court is the following portion of the removal notice:

> 8. In preparing this Petition for Removal, Defendants have become aware that [Pease] is subject to a prior order of this Court sanctioning him for filing frivolous lawsuits and barring him from filing any further suits in this Court without first obtaining leave to do so. (Clerk's Doc. No. 15, Cause No. 1:03-cv-00029-JRN.[)][2] Defendants have found no authority, however, to suggest that such an order would preclude the removal of this action.

The Court is also aware of another Western District of Texas, Austin Division action, in which Pease was barred from "filing any further suits in this Court unless given permission to do so by a District Judge of this Court or a Judge of the Fifth Circuit Court of Appeals." *See Pease v Weidenbach*, No. 03-CA-023-JN (W.D. Tex. May 15, 2003) (Clerk's Document No. 11). Additionally, on September 1, 2010, Pease *attempted to file* in this Court: (1) Plaintiff's Original Petition, styled *Rhett W. Pease, individually and as best friend to parent of and on behalf of WCP and BCP, Minors v. Texas Department of Family and Protective Services, Janell Pease, Daniel*

---

[1] *See* Tex. Finance Code Ann. §§ 392.301-.304 (West 2006).

[2] Pease was barred "from filing any further suits in this Court unless given permission to do so by a District Judge of this Court or a Judge of the Fifth Circuit Court of Appeals." *Pease v. Sparks*, No. 03-CA-029-JN (W.D. Tex. May 15, 2003) (Clerk's Document No. 15).

2

*Herbrich, Rebecca Jimenez, Martin Placke, Lee County, Texas, Burleson County, Texas, Rique Bobbitt, John Delaney and Terrell Flenniken*; (2) an Emergency Motion For Permission To File Suit To Defend Parental Rights And Report of Kidnapping; and (3) an Application To Proceed In Forma Pauperis and Financial Affidavit In Support. In light of the Court's previous Orders barring Pease from filing an action in this Court, the Clerk of Court declined to file these documents, and did not open a new case; rather the documents were marked "Received".

By Order rendered September 7, 2010, the Court reviewed Pease's lengthy history of filing frivolous lawsuits in the United States District Court for the Western District of Texas. The Court noted in the September 7 Order that in reviewing the September 1 documents, Pease was

> alleging that the Texas Department of Family and Protective Services and the other nine named defendants have violated Plaintiff's rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and asserted causes of action for: (1) violations of the Federal Fair debt Collection Practices Act; (2) slander and libel; and (3) false imprisonment.

The Court found that, "A thorough review of [Pease]'s current motion and [Pease]'s proposed Original Complaint reveals that [Pease]'s proposed Complaint not only lacks merit but also constitutes vexatious, abusive, and harassing litigation."[3] Upon this finding, the Court reviewed the relevant circumstances of the action as regarding the four factors that are to be considered before imposing a pre-filing injunction. *See Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). The Court reached "the unavoidable conclusion that the pre-filing injunction previously entered by this Court must remain in force 'to protect the courts and innocent parties, while

---

[3] According to the Notice of Removal, Pease was declared a vexation litigant by the state court in a 2003 proceeding, however, no particulars of the state court's declaration are detailed in the removal notice.

preserving the legitimate rights of litigants.'" *Id.* at 189. Finally, the Court held that Pease's "request to file his current proposed Complaint [received by the Court on September 1] must be denied because Plaintiff has failed to demonstrate that his claims are anything but frivolous." The Court then denied Pease's emergency motion for permission to file documents received by the Court on September 1, 2010.

In reviewing Pease's removed state-court pleading in this action, it appears to the Court that but for a few modifications and additions, on March 14, 2011, Pease filed in state court the same pleading that he was denied leave to file in this Court on September 7. One notable difference between Pease's *attempted* September 1, 2010 filing in this Court and the state-court petition filed on March 14, 2011, is that in state court Pease is represented by an attorney, Carolyn Barnes, rather than proceeding *pro se*.[4]

The Court finds that the arrival of the action, here by Defendants' removal, differs from Pease's attempt to file an original lawsuit on September 1, 2010, but substantively, the removed action is the same as Pease's attempted original filing. Indeed all of Pease's claims here and in his attempted September 1 filing arise from various state-court domestic relations disputes.

The Court considers the question of subject-matter jurisdiction at issue in this action. A federal court has an independent duty, at any level of the proceedings, to determine whether it

---

[4] On April 18, 2011, the Clerk of Court mailed a notice letter to Barnes informing her that as she is not licensed to practice in the Western District of Texas and that she will need to "submit to this court a Motion To Appear pro hac vice within ten days of the date of this letter" (Clerk's Document Nos. 2 & 3). On May 6, 2011, Pease submitted to the Court a "Notice of Appearance and Request for Notice" by which he states that as Carolyn Barnes cannot practice in this Court, the Defendants have "in effect, stripped the plaintiffs of their attorney" states that as he is without counsel, and he requests that all parties give him notice at his provided address (Clerk's Document No. 4).

properly has subject-matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject-matter jurisdiction *sua sponte*"). Although not cited directly by the removal notice, Defendants basis for removal of is federal-question jurisdiction. *See* 28 U.S.C. § 1331. However, despite Pease's allegations of several federal claims, all of the claims arise from, relate to, or involve action with regard to matters of his child custody. Domestic relations is one of two substantive areas of law in which federal courts, sitting with diversity jurisdiction, lack subject matter jurisdiction.[5] *See* 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3609 (3d ed. 2009) (discussion and collection of cases regarding federal court jurisdiction of domestic relations cases). "Although some courts have applied the domestic relations exception in federal question cases, others have held that the exception is limited to suits based on diversity of citizenship jurisdiction." *See id.* at 384.

    The Court finds *Franks v. Smith* instructive in this action. *See* 717 F.2d 183 (5th Cir. 1983). The Frankses commenced a federal civil rights lawsuit under Title 42 United States Code section 1983 ("Section 1983") against various defendants in federal court with regard to actions taken by county sheriff officers and others in entering the Franks' home without a warrant and taking custody of a child in the Frankses' home. Their complaint alleged an invasion by Defendants of the Frankses' home without a warrant in violation of the Fourth Amendment, and alleged violations of the Mississippi constitution. *Id.* at 185. By their action, the Frankses sought an injunction for the return of the child to their custody. The district court indicated that it was reluctant to rule on whether the Frankses were *in loco parentis* to the child, as that issue could bind what the district

---

[5] Probate is the other area of law that federal courts lack subject matter jurisdiction.

court considered to be a determination solely to be made by the state domestic relations court. *Id.* The district court granted Defendants' motion to dismiss, finding *sua sponte* that the court lacked subject jurisdiction over the Section 1983 claim, as the central issue involved custody over a minor child, and "It has been the established law in the federal courts since at least 1890 that federal courts lack jurisdiction to entertain domestic relations controversies." *Id.*

The Fifth Circuit agreed with the district court that lacking was subject-matter jurisdiction over the question of the custody of the child. *Id.* (citing *Ex parte Burruss*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.")). However, the Circuit determined that the issue of the alleged Fourth Amendment violation, which was not discussed by the district court, remained potentially viable for federal court, and remanded the cause to the district court for further proceedings. "The mere fact that a claimed violation of constitutional rights arises in a domestic relations context does not bar review of those constitutional issues." *Franks*, 717 F.3d at 185. Additionally though and of importance in this action, *Franks* provides,

> Unless it is determined that an asserted constitutional violation has been forwarded solely for the purpose of obtaining federal jurisdiction *or is wholly insubstantial and frivolous*, or unless it is determined that such an asserted violation is clearly immaterial to the case, then dismissal for lack of subject matter jurisdiction is inappropriate.

*Id.* (citing generally *Mt. Healthy City Sch. Dist. Bd. Educators v. Doyle*, 429 U.S. 274, 279 (1977)) (Emphasis added). Therefore, this Court notes that *Franks* recognized that there are instances in domestic-relations federal-question jurisdiction cases when a court may lack subject matter jurisdiction.

6

In light of this language in *Franks*, the Court's September 7, 2010 Order finding that Pease's September 1 attempted filing constituted a frivolous action, and this Court's determination that this removed action consists of essentially the same filing Pease presented on September 1, 2010 with the only difference being the manner in which the case arrived to the Court, the Court questions its subject-matter jurisdiction to consider this action. Specifically, it appears to this Court that Pease's asserted constitutional violations are "wholly insubstantial and frivolous", and therefore the Court lacks subject-matter jurisdiction over this predominantly domestic-relations action. *Franks*, 717 F.2d at 185. Therefore,

**IT IS ORDERED** that the parties **SHOW CAUSE IN WRITING on or before June 8, 2011**, why, in light of the Court's determination that the substance of Pease's removed pleadings are frivolous, the Court now has subject-matter jurisdiction over this action. Additionally why, as this is a domestic-relations action, should the Court not hold that it lacks subject-matter jurisdiction, and either dismiss or remand this action to state district court.

SIGNED this __18th__ day of May, 2011.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE