IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Rhett W. Pease**, individually and as best friend to parent of and on behalf of **WCP** and **BCP**, minors,<br>　　*Plaintiffs,*<br><br>v.<br><br>**Texas Department of Family and Protective Services, Janell Pease, Daniel Herbrich, Rebecca Jimenez, Martin Placke, Lee County, Texas, Burleson County, Texas, Anne Heiligenstein, John Delaney, Susan Marquess, Kathy Weishuhn,** and **Glenn H. Williams,**<br>　　*Defendants.* | §§§§§§§§§§§§§§§ | CIVIL ACTION NO. 1:11-CV-305-LY |

### DEFENDANTS' RESPONSE TO
### THE COURT'S SHOW CAUSE ORDER OF MAY 18, 2011

TO THE HONORABLE LEE YEAKEL:

Defendants, Texas Department of Family and Protective Services ("TxDFPS"), Daniel Herbrich, Anne Heiligenstein, Susan Marquess, Kathy Weishuhn, Glenn H. Williams, the Hon. John Delaney file this response to the Court's Show Cause Order of May 18, 2011 and respectfully request dismissal of Plaintiff's frivolous federal claims in their entirety.

### I.
### INTRODUCTION AND FACTUAL BACKGROUND

On March 14, 2011, Plaintiff Rhett W. Pease ("Rhett") filed his Original Petition in the Travis County District Court alleging several federal constitutional and statutory violations as well as violations of Texas statutes and the Texas constitution. (Clerk's Document No. 1-2). Rhett's Original Petition spans thirty-two pages and is littered with disjointed factual allegations and vague and conclusory legal assertions. (*Id.*). Based on Rhett's invocation of causes of action under the U.S. Constitution and federal statutes, Defendants removed the case to this Court on the basis of

*Defendants' Response to the Court's Show Cause Order of May 18, 2011*

federal question jurisdiction. *See* 28 U.S.C. § 1441(b); 28 U.S.C. § 1331. It was only through the Court's Show Cause Order that Defendants learned Rhett had previously sought this Court's permission to file these substantially same claims in federal court in September of 2010, and that the Court rejected such claims as being without merit and constituting vexatious, abusive, and harassing litigation.[1] *See Pease v. Tex. Dep't of Family and Protective Serv.*, No. A- -CA- -JRN (W.D. Tex. Sept. 7, 2010) (Exhibit A). Indeed, it was not until Defendants reviewed the Court's Show Cause Order and Judge Nowlin's Order of September 7, 2010, denying Rhett's attempt to bring the same claims at issue here, that the full extent of Rhett's penchant for filing frivolous and vexatious claims became apparent. *See id.* (identifying ten frivolous lawsuits filed by Rhett in the Western District alone).

Ignoring this Court's determination that his claims were frivolous and harassing, Rhett sought to file the same claims in state court. (Clerk's Document No. 1-2). However, Rhett was also declared a vexatious litigant in state court and prohibited "from filing, in propria persona, any further litigation in a court in this state <u>unless</u> the local administrative judge of the court in which Rhett Webster Pease intends to file further litigation has granted permission…" *Pease v. Nickelatti, et al.*, No. 12,527, in the 335th Judicial District Court of Lee County, Texas (Jan. 2, 2005) (Exhibit B).

Thus, in order to re-file claims he knew to be frivolous and harassing against Defendants in state court, Rhett engaged the services of attorney Carolyn Barnes, who signed as counsel on an Original Petition that is almost identical to the complaint Rhett previously attempted to file in the Western District, and which this Court rejected as frivolous. (Clerk's Document No. 1-2). Notably, while Rhett's Original Petition was filed with the Travis County District Clerk on March 14, 2011,

---

[1] As noted in the Court's Show Cause Order, Rhett was required to seek the Court's permission prior to filing those claims pursuant to prior orders of the Court. *See Pease v. Sparks*, No. 03-CA-029-JN (W.D. Tex. May 15, 2003) (Clerk's Document No. 15) and *Pease v. Weidenbach*, No. 03-CA-023-JN (W.D. Tex. May 15, 2003) (Clerk's Document No. 11) (both holding that Pease was barred "from filing any further suits in this Court unless given permission to do so by District Judge of this Court or a Judge of the Fifth Circuit Court of Appeals.").

records of the Williamson County Sheriff's department show that Carolyn Barnes was continuously incarcerated in the Williamson County Jail since February 28, 2011, charged with Aggravated Assault of a Public Servant.[2] Accordingly, it appears that from the inception and throughout the pendency of this case, Carolyn Barnes has been incarcerated and Rhett has been litigating this case on his own. More recently, the Williamson County District Court declared Barnes mentally incompetent to stand trial on the aggravated assault charges and committed her to a state mental facility, further calling into question her capacity to have represented Rhett in prosecuting his frivolous claims.[3]

Thus, despite being admonished by Judge Nowlin that the claims at issue were completely without merit, Rhett has circumvented the orders of both the federal courts of the Western District as well as the courts of the State of Texas by re-filing his frivolous claims in state court. In addition, despite knowing that he was subject to a court order preventing him from litigating in state court without an attorney, Pease engaged Barnes, whom he knew was incarcerated and would not be available to represent him. Therefore, Defendants request that this Court's adhere to Judge Nowlin's initial order finding Rhett's claims to be without merit and constituting vexatious, abusive, and harassing litigation from which both the courts and innocent parties, such as Defendants, must be protected.

## II.
## ARGUMENT AND AUTHORITIES

In its Show Cause Order, the Court questions, *sua sponte*, its subject matter jurisdiction over the removal of this action. Title 28 of the United States Code states the general principles governing

---

[2] *State v. Barnes*, No. 10-663-K368, in the 368th Judicial District Court of Williamson County, Texas; *see also* http://judicialrecords.wilco.org/JailingDetail.aspx?JailingID=241836;

[3] Order of Commitment, *State v. Barnes*, No. 10-663-K368, in the 368th Judicial District Court of Williamson County, Texas (May 19, 2011); *see also* http://www.kxan.com/dpp/news/local/williamson/barnes-unfit-to-stand-trial-in-attack. It is unclear whether Barnes was of sound mind at the time she signed as Rhett's attorney on his Original Petition, or at the time that petition was filed on March 14, 2011.

***Defendants' Response to the Court's May 18, 2011 Show Cause Order***                                              3

removal jurisdiction in non-diversity cases: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Title 28 further dictates, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The determination as to whether a cause of action presents a federal question such that the federal court has jurisdiction is made upon the allegations of the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, with rare exception, where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court must entertain the suit. *Suthoff v. Yazoo County Industrial Dev. Corp.*, 637 F.2d 337, 339 (5th Cir. 1981), *citing Bell v. Hood*, 327 U.S. 678, 681-82 (1946).

Rhett's petition alleged claims, and sought recovery, under federal law, including Amendments 1, 4, 5, 8, and due process deprivations under Amendment 14 of the U.S. Constitution, and 28 U.S.C. §§ 1983 and 1985, and Defendants, therefore, removed this case as a result. The Court correctly notes that federal courts have historically not exercised jurisdiction over domestic relations issues, however, the domestic relations carveout to federal jurisdiction is generally limited to orders of divorces, alimony, and child custody. *See e.g., Marshall v. Marshall*, 547 U.S. 293, 307-08 (2006) (only "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds). While Rhett's petition does seek to have his son "reunited with his family," it appeared to Defendants, that the bulk of Rhett's allegations are federal constitutional and statutory claims for monetary damages for alleged civil rights violations. As noted in *Franks v. Smith*, the mere fact that a claimed violation of constitutional rights arises in a domestic relations context does not necessarily bar review of constitutional issues such as an alleged civil rights violation. 717 F.2d 183, 185 (court

could consider alleged fourth amendment violation even though it arose in the domestic relations context). Accordingly, in light of the difficulties in divining the exact nature of Rhett's claims from his muddled pleadings, and in an abundance of caution, Defendants removed this action in the event that a court might, viewing the pleading most favorably to Rhett, find he had articulated a plausible federal claim. In such an event, Defendants were entitled to have the federal courts determine the merits of any federal claims. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331.

Defendants were unaware, of course, that Judge Nowlin had already determined Rhett's claims to be frivolous and harassing, and had, on that basis, rejected Rhett's attempted filing of the same in the interest of protecting the courts and the named Defendants. *See Pease v. Tex. Dep't of Family and Protective Serv.*, No. A- -CA- -JRN (W.D. Tex. Sept. 7, 2010) (Exhibit A). Defendants do not dispute that the Supreme Court has carved out an exception to federal question jurisdiction whereby a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes is wholly insubstantial and frivolous. *Bell*, 327 U.S. at 682-83. However, the pleading burden to establish federal question jurisdiction is low, and the mere fact that the alleged claims lack merit is insufficient to divest the court of subject-matter jurisdiction. *Id.* at 682 (jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover). On the contrary, a federal claim is frivolous and insubstantial only where, viewed in the light most favorable to the plaintiff, it has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision. *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010). Thus, even though Defendants believed that Rhett's claims lacked merit, they removed the case on the good faith belief that a judge, applying the lenient pleading standard for federal jurisdiction, could find that Pease had plead claims that raised a federal question.

Ultimately, Defendants do not disagree with the Court's determination that Rhett's claims lack substance. Defendants would point out, however, the case of *Maroney v. Univ. Interscholastic League*, which was decided by the Fifth Circuit approximately two years after the *Franks* case. 764 F.2d 403 (5th Cir. 1985). In *Maroney,* as here, the plaintiff alleged constitutional claims under both the U.S. and Texas Constitutions. *Id.* at 404. The defendant removed the action to federal court on the basis of the federal claims. *Id.* Maroney, in turn, moved for leave to dismiss his federal claim and asked the court to remand his state claims to state court. *Id.* The district court granted Maroney's motion to dismiss his federal claims and remanded his state law claims. *Id.* On appeal the Fifth Circuit found that the plaintiff's federal claims were wholly insubstantial and that the district court therefore lacked subject-matter jurisdiction over the case. The Fifth Circuit then went on to approve the district court's dismissal of the insubstantial federal claims and remand of the non-frivolous state claims for disposition in state court. *Id.* at 406. Thus, even though this Court has determined that Rhett's federal claims are frivolous and insubstantial, it has the ability to dismiss those frivolous federal claims if it so desires. Indeed, given this Court's previous order that Rhett not be allowed to file these claims and Rhett's circumvention of that order, Defendants submit that dismissal of Rhett's frivolous claims is the proper course of action.

## IV.
## CONCLUSION AND PRAYER

Wherefore, Defendants TxDFPS, Daniel Herbrich, Anne Heiligenstein, Susan Marquess, Kathy Weishuhn, Glenn H. Williams, the Hon. John Delaney respectfully pray that this Court dismiss Rhett's frivolous claims for want of subject-matter jurisdiction and for any further relief to which they may be entitled.

DATED:   June 2, 2011

        Respectfully submitted,

        **Greg Abbott**
        Attorney General of Texas

        **Daniel T. Hodge**
        First Assistant Attorney General

        **Bill Cobb**
        Deputy Attorney General for Civil Litigation

        **David C. Mattax**
        Director of Defense Litigation

        **Robert O'Keefe**
        Chief, General Litigation Division

        <u>/s/ Gunnar P. Seaquist</u>
        **Gunnar P. Seaquist**
        Assistant Attorney General
        Texas Bar No. 24043358
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        Telephone: (512) 475-4083
        Facsimile: (512) 320-0667
        gunnar.seaquist@oag.state.tx.us

        **ATTORNEYS FOR DEFENDANTS**
        **TxDFPS, Daniel Herbrich, Anne Heiligenstein, Susan Marquess, Kathy Weishuhn, Glenn H. Williams, the Hon. John Delaney**

### CERTIFICATE OF SERVICE

    I hereby certify that on June 8, 2011, the foregoing Defendants' Response to the Court's May 18, 2011 Show Cause Order has been delivered in accordance with the Federal Rules of Civil Procedure as follows

*Via Certified Mail, RRR and First Class U.S. Mail*
Rhett W. Pease
6715 Skynook Drive
Austin, TX 78745
*Plaintiff*

*Via First Class U.S. Mail*
Ms. Janell Pease
6044 W. FM 696
McDade, TX 78650
*Co-Defendant, Pro-se*

*Via First Class U.S. Mail*
Ms. Rebecca Jimenez
117 Markert Dr., Unit 2
Elgin, Texas 78621
*Co-Defendant, Pro-se*

*Via First Class U.S. Mail*
**Javier P. Guajardo, Jr.**
Guajardo & Guajardo
1504 San Antonio Street, Suite 200
Austin, Texas 78701
(512) 474-9585 (telephone)
(512) 474-9507 (facsimile)
**ATTORNEYS FOR DEFENDANTS**
**Martin Placke, Lee County, Texas & Burleson County, Texas**

/s/ Gunnar P. Seaquist
GUNNAR P. SEAQUIST
Assistant Attorney General